**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE SOHAL,

    Plaintiff,

    v.

ADMINISTRATIVE LAW JUDGES, et al.,

    Defendants.
_____/

No. C 05-4070 PJH

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**

    Pro se plaintiff Jasmine Sohal filed this action on October 7, 2005, alleging violation of her rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution, under 42 U.S.C. § 1983; and also alleging state law claims of negligence and intentional infliction of emotional distress.  Defendants are the administrative law judges assigned to workers compensation appeals in Oakland, California.  Plaintiff specifically names ALJ Robert A. Baird, who presided over several hearings involving plaintiff.

    According to the allegations in the complaint, plaintiff filed a workers compensation claim, which appears to have been denied by Judge Baird.  In connection with the hearings on her claim, plaintiff asserts that Judge Baird denied her request for an order compelling the attendance of subpoenaed witnesses and interrupted plaintiff's testimony before she was finished.

1  Plaintiff seeks leave to proceed in forma pauperis (IFP).  Because the court finds that
2 the complaint must be dismissed under 28 U.S.C. 1915(e)(2), the request for leave to
3 proceed IFP is DENIED.

**DISCUSSION**

A. Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  In reviewing an application to proceed IFP, the court may dismiss a case if the court determines that the party applying for IFP status has filed a frivolous action, or that the complaint fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); *see also Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in facts or law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990).  Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  *Id.* at 324.  Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B. Analysis

The court has carefully reviewed the complaint, and finds that it constitutes an impermissible attempt to collaterally attack state court workers compensation proceedings,

and that the claims against the administrative law judges must be dismissed because those defendants are immune from suit.

### 1. Workers Compensation Proceedings

Plaintiff's claims are based on her dissatisfaction with rulings by the defendant administrative law judges involved in the adjudication of her workers compensation claim. Thus, plaintiff's claims are essentially "nothing more than an impermissible collateral attack on prior state court decisions," *Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995), and lie outside this court's subject matter jurisdiction. It is irrelevant in such a case whether federal constitutional issues are at stake. *Id*. at 291.

Here, while plaintiff asserts a claim of constitutional violations, that claim has no independent significance under the facts alleged, apart from her challenge to the administrative law judge's handling of her claim – that is, her assertion that court rulings regarding witness subpoenas, her testimony, and other procedural matters violated her constitutional rights. However, none of these allegations transforms plaintiff's case from a dispute relating to workers compensation into an action for violation of civil rights. While plaintiff asserts that ALJ Baird deprived her of access to the judicial system, she is in actuality simply attempting to challenge the rulings that were made during the course of the workers compensation proceedings.

### 2. Judicial immunity

Moreover, the administrative law judges sued by plaintiff are immune from suit. The Supreme Court has conclusively granted absolute immunity to judges from damage liability for acts of a judicial nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991).

Here, plaintiff challenges procedural rulings made during the course of the workers compensation hearings. The claims against the defendant judges are based on "judicial acts" – acts performed in his or her official capacity as a judge presiding over the workers compensation proceedings– and are therefore barred by judicial immunity.

## CONCLUSION

For these reasons, the complaint is DISMISSED and the request to proceed IFP is DENIED.

The dismissal is with LEAVE TO AMEND. If plaintiff wishes to file an amended complaint, she must do so no later than December 5, 2005. If plaintiff does not file an amended complaint by December 5, 2005, the action will be dismissed with prejudice and the court will enter a final judgment.

**IT IS SO ORDERED.**

Dated: November 3, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge