**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE SOHAL,

    Plaintiff,

    v.

DEPARTMENT OF INDUSTRIAL RELATIONS - DIVISION OF WORKERS' COMPENSATION, ADMINISTRATIVE LAW JUDGES ASSIGNED TO W.C.A.B. CASES OAK 0196995 AND OAK 0203653 AND DOES 1-50,

    Defendants.
_____

JASMINE SOHAL,

    Plaintiff,

    v.

DEPARTMENT OF INDUSTRIAL RELATIONS - DIVISION OF WORKERS' COMPENSATION, WCJ/REFEREE AND DOES 1-10,

    Defendants.
_____/

No. C-05-4070 PJH
No. C-05-4519 PJH

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

    Defendants' motions to dismiss plaintiff's complaints in the above cases came on for hearing on April 19, 2006, before this court. Pro per plaintiff Jasmine Sohal ("Sohal") did not appear. Defendants Department of Industrial Relations - Division of Workers'

1

Compensation ("Division") and WCJ/Referee ("WCALJ Baird") appeared through their counsel, James M. Robbins.  Having carefully reviewed the parties' papers and considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motions for the reasons that follow.

**BACKGROUND**

On October 7, 2005, Jasmine Sohal ("Sohal") filed her original complaint in case no. 05-4070 PJH against the Division and WCALJ Baird.  She also filed an application to proceed in forma pauperis ("IFP") on October 7, 2005.  On November 3, 2005, this court dismissed Sohal's complaint with leave to amend.

On November 4, 2005, Sohal filed a new case with this court, case no. 05-4519 WHA (now PJH), against the Division and WCALJ Baird, along with another application to proceed IFP.

On November 10, 2005, this court related case no. 05-4519 to the earlier-filed case no. 05-4070.  Because it appeared that Sohal intended the complaint filed in 05-4519 as the amended complaint in case no. 05-4070, the court closed case no. 05-4070 as duplicative.  However, on November 17, 2005, Sohal filed a motion to reconsider the closing of case no. 05-4070.  Sohal asserted that she did not intend the November 4, 2005 complaint filed in case no. 05-4519 to be the amended complaint in case no. 05-4070.  She asserted that the complaints involved different claims.  Additionally, on November 14, 2005, Sohal withdrew her request to proceed IFP in case no. 05-4519 and paid the filing fees.  On December 8, 2005, this court granted Sohal's motion to reopen case no. 05-4070.

On February 9, 2006, Sohal filed an amended complaint ("1AC") in case no. 05-4070.  On February 17, 2006, she also withdrew her request to proceed IFP and paid the filing fees.

Subsequently, on March 8, 2006, the Division and WCALJ Baird, the only named defendants, filed motions to dismiss the complaints in both cases.  On April 14, 2006, three court days prior to the hearing in this case, Sohal filed an amended complaint in case no. 05-4519 against the Division and WCALJ Baird.

1    The court notes that while Sohal has not been officially declared a vexatious litigant, she is no stranger to the courts. Sohal has had several cases in this district before the Honorable Judge Jensen. 95-0490 DLJ; 98-3364 DLJ; 00-0920 DLJ; 01-2816 DLJ; Additionally, Sohal has had a number of cases in the California state courts. The cases before Judge Jensen, filed in 1995, 1998 and 2001 all involved the same defendant, Pacific Bell, who is also the defendant in her workers' compensation cases which are the subject of the cases before this court. All of the cases stem from her employment with Pacific Bell. Sohal subsequently appealed Judge Jensen's dismissal of those cases to the Ninth Circuit, which affirmed the dismissals.

**SOHAL'S CLAIMS**

A.    Case No. C 05-4070 PJH

1.    Original Complaint

In the original complaint in case no. 05-4070, Sohal brought three causes of action against the Division and WCALJ Baird. As noted, though, because Sohal requested IFP status, the court dismissed the original complaint with leave to amend as an impermissible collateral attack on a prior state court decision and on the basis of judicial immunity.

2.    Amended Complaint

Sohal's February 9, 2006 amended complaint in case no. 05-4070 is very similar to the original complaint. In the amended complaint, Sohal brings four claims against the Division and WCALJ Baird.

Sohal's first claim, like that in her original complaint, alleges violation of the Fourteenth Amendment to the U.S. Constitution and Article one, Section seven of the California State Constitution. Sohal alleges the same facts in the amended complaint as in the original complaint. The only differences between the amended and the original complaint is that Sohal no longer alleges that WCALJ Baird is personally liable under 42 U.S.C. § 1983, and Sohal no longer brings her constitutional claims under 42 U.S.C. § 1983. Sohal thus brings this claim solely against the Division and directly under the U.S. Constitution.

Sohal's second claim was not in her original complaint. In this cause of action, Sohal requests "independent judicial review" of the orders in her workers' compensation cases. She alleges that WCALJ Baird's decisions in case nos. OAK 0196995 and OAK 0203653 are invalid because he denied her request to compel witnesses and to continue the hearing, because she was not allowed to cross-examine legal counsel for the defendant Pacific Bell, and because she was denied "adjudication" of issues regarding her rehabilitation, reimbursement of "self-procured" treatment and payment for the court ordered medical exam. She alleges that WCALJ Baird's findings of fact are not supported by the evidence.

Sohal's third claim, also found in the original complaint, alleges negligence per se against the Division and WCALJ Baird based on the same facts, that defendants violated the California Code of Regulations by failing to file the same documents discussed in the original complaint's second cause of action.

Sohal's fourth claim, intentional infliction of emotional distress, is also alleged in the original complaint. Sohal brings this cause of action against the Division and WCALJ Baird. She also alleges the same facts and violations as she does in the original complaint.

Sohal requests the same relief as in the original complaint, but, in addition, she also requests damages for both workers' compensation cases.

B.   Case No. C 05-4519 PJH

As noted, several days prior to the hearing, Sohal submitted an amended complaint in the case. Because she did not specify her intent in submitting the amended complaint while the defendants' motion to dismiss is pending, and did not appear at the hearing, the court has reviewed both the original and the amended complaints for sufficiency.

1.   Original Complaint

4

1    In her original complaint, Sohal brings six causes of action against the Division and
WCALJ Baird. These claims, like those in Sohal's 1AC in case no. 05-4070, appear to
arise from the same operative facts concerning the workers' compensation proceedings.

   Sohal's first claim is for abuse of process. Sohal first cites to the California Code of
Regulation Title eight, Article 1.6, Section 9720.1. She alleges that on November 6, 2004,
she received a copy of the Minutes of Hearing ("Minutes") and Summary of Evidence
("Summary") from her workers' compensation hearing for case nos. OAK 0196995 and
OAK 0203653. She alleges that the Minutes and Summary contain fraudulent portions.
The alleged fraudulent portions concern her testimony about a co-employee from Pacific
Bell who was taking and selling drugs near her residence, and Sohal's denial that she ever
had any "problems or issues" with substance abuse.

   In conjunction with this first claim, Sohal alleges that she testified at the October 7,
2004 workers' compensation hearing about a "libelous publication," written by Pacific Bell,
concerning her alleged criminal activities. Sohal alleges that she offered into evidence
documents as proof that she did not commit the alleged criminal activities. Sohal describes
in detail her testimony about the "libelous publication" and the subsequent dismissal of her
case against Pacific Bell. Sohal claims that the Division and WCALJ Baird misused the
Minutes and Summary to falsify records, and fabricate her testimony. She alleges that the
Division's and WCALJ Baird's intentions were to give an advantage to Pacific Bell in her
workers' compensation cases.

   Sohal's second claim alleges negligence per se. Sohal cites to the California Code
of Regulations Title eight, Article nine, Section 10566, for the proposition that the summary
of evidence required by the labor code must include a "fair and unbiased summary" of each
witness' testimony. She alleges that the Division and WCALJ Baird violated this provision
of the regulation when they admitted the above-mentioned "fraudulent" portions of the
Minutes and Summary.

   Claim three of Sohal's complaint alleges negligence and failure to discharge a
mandatory government duty under California Government Code section 815.6. Sohal

5

alleges, in reference to the fraudulent portions of the Minutes and Summary, that the Division and WCALJ Baird had a mandatory duty to submit a truthful summary but submitted a fabricated one instead. Sohal alleges that on November 6, 2004, when she reviewed the Minutes and Summary, she was injured and suffered emotional and mental anguish that aggravated a preexisting stress disorder.

Sohal's fourth claim alleges violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. Sohal alleges that her equal protection rights were violated by the misrepresentation of facts in the Minutes and Summary. Sohal claims that her "right to be protected from self-incrimination" was violated because the alleged fraudulent portions of the Minutes and Summary "implicate" her knowledge of the alleged criminal activities, support the "libelous publication," and specify that Sohal's home was the major source of criminal activities.

Sohal's fifth claim alleges tortuous interference with business prospects. Sohal claims that the Minutes and Summary are "libelous and a slander to her character." She asserts that public access to the Minutes and Summary, that contain false and incriminating information, will interfere with her efforts to obtain future employment.

Finally, Sohal's sixth claim alleges intentional infliction of emotional distress. She claims that the Division and WCALJ Baird were aware of her vulnerability to stress because they reviewed her workers' compensation cases. She alleges that the Division and WCALJ Baird acted with wanton, reckless disregard for her health (mental and physical) in filing the fraudulent Minutes and Summary, and that her review of the Minutes and Summary caused her emotional and mental anguish and that she continues to be distressed. She claims that in accordance with the California Government Torts Act, she filed a timely claim for damages under California Government Code section 910. The claim for damages was denied by the Government Claims Board on May 23, 2005.

Sohal requests general, emotional distress, compensatory, and exemplary damages, and the costs associated with this lawsuit.

    2.    Amended Complaint

1    Sohal's amended complaint, filed April 14, 2006, is also very similar to her original
2 complaint.  Her first claim, in which she alleges violation of 42 U.S.C. § 1983 and 42 U.S.C.
3 § 1981, is nearly identical to claim four of her original complaint in this case.  Sohal again
4 contends that her constitutional civil rights were violated, that she was denied due process,
5 that defendants "imputed self-incrimination," and violated her liberty interests in her
6 reputation and property interests in her employment status, and denied her equal protection
7 under the law.

8    Sohal's second claim is for abuse of process.  Sohal's allegations supporting this
9 claim are nearly identical to those in her first claim for abuse of process in the original
10 complaint.

11    Sohal's third claim seeks declaratory and injunctive relief, and her fourth claim
12 demands a jury trial.  These claims simply mirror Sohal's prayers for relief in her original
13 complaint.

**DISCUSSION**

A.   Legal Standard

1.    12(b)(1)

Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over this complaint when challenged under Fed. R. Civ. P. 12(b)(1).  See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  Further, the court may dismiss a case sua sponte for lack of subject matter jurisdiction.  See, e.g., Fed. R. Civ. Proc. 12(h)(3); Scholastic Entm't v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) (citing Cal. Diversified Promotions, Inc., v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.")).

2.    12(b)(6)

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in

7

1  support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan,
2  320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss,
3  all allegations of material fact are taken as true and construed in the light most favorable to
4  the nonmoving party.  See, e.g., Burget v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d
5  661, 663 (9th Cir. 2000) (citations omitted).

6  B.  Defendants' Motion

7  Defendants move to dismiss Sohal's complaints on six grounds; including:
8  (1)  as an impermissible collateral attack on a final state court decision;
9  (2)  because a violation of state law does not give rise to liability under 42
10       U.S.C. § 1983 and no federal rights are implicated;
11 (3)  on res judicata grounds;
12 (4)  on Eleventh Amendment immunity grounds;
13 (5)  on judicial immunity grounds; and/ or
14 (6)  for lack of supplemental jurisdiction.

15 The court need not reach all of these grounds, and concludes that the complaints
16 are properly dismissed for the multiple reasons set forth below.

17 1.  The Complaints in these Cases Constitute Impermissible Collateral Attacks

18 Defendants argue that Sohal's complaints constitute impermissible collateral attacks
19 on a final state court decision under the Rooker-Feldman doctrine and thus, that this court
20 lacks subject matter jurisdiction over these claims.  District of Columbia Court of Appeals v.
21 Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).
22 In opposition, Sohal argues that she filed her claims seeking justice for the constitutional
23 violations and tort injuries and not to complain of dissatisfaction with WCALJ Baird's
24 rulings.

25 The Rooker-Feldman doctrine prohibits lower federal courts from hearing either
26 appeals from the state courts, or collateral matters in which the issue raised is "inextricably
27 intertwined" with a state court's final decision, such as when a party claims that a state
28 court judgment itself violated his or her constitutional rights.  Johnson v. DeGrandy, 512

8

U.S. 997, 1005-06 (1994).  An issue is considered "inextricably intertwined" with the state court's decision "where the district court must hold that the state court was wrong in order to find in favor of the plaintiff."  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

There is no dispute that Sohal obtained a final decision in her workers' compensation cases, that she appealed that final decision, and that her appeal was denied by the California Supreme Court.  The court concludes, therefore, that all claims in the 1AC in 05-4070, and in the original and amended complaints in 05-4519 constitute impermissible collateral attacks on the state workers' compensation proceedings and on the decision of the California Supreme Court denying Sohal's appeal.  In order for this court to rule in Sohal's favor, the court would have to find that the Division's, and in particular, WCALJ Baird's rulings and decisions were erroneous.  Thus, Sohal's claims are inextricably intertwined with the state court's rulings and decisions.  Because the court lacks subject matter jurisdiction to review a state court's decision, all claims in both cases, including those in the April 14, 2006 amended complaint in case no. 05-4519 must be dismissed.  See, e.g., Fed. R. Civ. Proc. 12(h)(3); Scholastic Entm't, 336 F.3d at 985 (9th Cir. 2003) (citing Cal. Diversified Promotions, Inc., 505 F.2d at 280).

2. Sohal's Federal Claims are not Cognizable under 42 U.S.C. § 1983

Sohal has asserted four federal claims in her complaints, including claims one and two in her 1AC in case no. 4070; claim four in her original complaint in case no. 05-4519; and claim one in her amended complaint in case no. 05-4519.

Defendants argue that these claims should be dismissed because a violation of state law does not give rise to liability under 42 U.S.C. § 1983.  The Division and WCALJ Baird argue that none of Sohal's complaints allege facts showing that the Division or WCALJ Baird have violated any of her federally protected rights.  They claim that each of Sohal's claims are based on violations of state statutes and administrative regulations.  Sohal did not respond to this argument.

9

The Ninth Circuit has held that a plaintiff cannot "sue a state defendant directly under the Constitution where section 1983 provides a remedy." Martinez v. City of Los Angeles, 141 F.3d 1373, 1383 (9th Cir. 1998). Sohal has attempted to bring claim one of her first amended complaint in case no. 05-4070 directly under the First Amendment of the U.S. Constitution. However, Sohal must bring her constitutional claims under 42 U.S.C. § 1983. Accordingly, the court construes the claim as brought pursuant to section 1983. However, "a violation of state law does not lead to liability under § 1983." Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998). To state a claim under § 1983, a plaintiff must allege the violation of a federally protected right. W. v. Atkins, 487 U.S. 42, 48 (1988).

This court's review of Sohal's complaints confirms that even though she has labeled her claims as federal due process and equal protection violations, they are predicated on rights protected by state law not federal law. Accordingly, the asserted federal claims must also be dismissed on this basis.

3.    Defendants are Entitled to Immunity on Sohal's Remaining State Law Claims

Sohal's remaining state law claims, including claims two and four in Sohal's 1AC in case no. 05-4070; claims one, two, three, five, and six in Sohal's original complaint in case no. 05-4519; and claim two in Sohal's amended complaint in case no. 05-4519 must be dismissed on immunity grounds as well.

a.    Judicial Immunity

Defendants argue that WCALJ Baird has judicial immunity with respect to the following claims: in Sohal's 1ACin case no. 05-4070, her third claim for negligence per se and her fourth claim for intentional infliction of emotional distress; in Sohal's original complaint in case no. 05-4519, her first claim for abuse of process, her second claim for negligence per se, her third claim for negligence and a failure to discharge a mandatory government duty, her fifth claim for tortuous interference with business prospects, and her sixth claim for intentional infliction of emotional distress; and in her amended complaint in case no. 05-4519, her second claim for abuse of process and her third claim requesting declaratory and injunctive relief.

Although Sohal seems to acknowledge that her state law claims do not support monetary damages because of judicial immunity, she argues that she is nevertheless entitled to declaratory and injunctive relief. She argues that state judges can be enjoined from committing acts that violate civil rights even though the court as an entity is not liable under the Civil Rights Act.

Judicial officers are granted absolute immunity from suit for actions taken in their official judicial capacity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991). The doctrine of judicial immunity also applies to administrative law judges performing judicial functions. Butz v. Economou, 438 U.S. 478, 513-14 (1978). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996). This immunity is not limited merely to suits for damages but extends also to declaratory, injunctive, or other forms of equitable relief. Id. at 1234-44. The only exceptions to the rule are if the judge acts wholly without jurisdiction, or if the acts in question were not undertaken in a judicial capacity. Id. at 1244 (citations omitted).

All of the acts Sohal alleges WCALJ Baird committed pertain to his judicial functions in the adjudication of Sohal's workers' compensation cases. Therefore, WCALJ Baird is entitled judicial immunity from the claims asserted against him.

     b.  Eleventh Amendment Immunity

Defendants argue that the following claims should be dismissed on the ground that the Division has immunity from suit under the Eleventh Amendment: in Sohal's 1AC in case no. 05-4070, her third claim for negligence per se and her fourth claim for intentional infliction of emotional distress; in Sohal's original complaint in case no. 05-4519, her first claim for abuse of process, her second claim for negligence per se, her third claim for negligence and a failure to discharge a mandatory government duty, her fifth claim for tortuous interference with business prospects, and her sixth claim for intentional infliction of emotional distress. Because the second and third claims in the amended complaint in case no. 05-4519, are the same as in her original complaint, the same arguments would apply.

1    Sohal acknowledges that immunity may preclude monetary relief, but argues that
2 she is still entitled to declaratory and injunctive relief.
3    The Eleventh Amendment bars from federal courts suits against a state by its own
4 citizens, citizens of another state or citizens or subjects of any foreign state. U.S. Const.
5 Amend. XI; Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139,
6 144 (1993). "Unless a State has waived its Eleventh Amendment immunity or Congress
7 has overridden it . . . a State cannot be sued directly in its own name regardless of the
8 relief sought." Ky. v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Alabama v. Pugh, 438
9 U.S. 781 (1978)). State agencies are also immune from suit under the Eleventh
10 Amendment. See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156,
11 1161 (9th Cir. 2003) (Eleventh Amendment bars suits against state superior courts and its
12 employees) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)); Franceschi
13 v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is arm of state
14 protected from lawsuit by Eleventh Amendment immunity); Greater Los Angeles
15 Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (Eleventh
16 Amendment bars suit against Superior Court of the State of California regardless of relief
17 sought. "State case law and constitutional provisions make clear that a court is a State
18 agency.").
19    All of Sohal's claims are asserted against the Division. However, the Division is an
20 agency that was created by the California legislature pursuant to the California State
21 Constitution Article XIV Section four. As an arm of the state it is entitled to Eleventh
22 Amendment immunity.
23    Accordingly, Sohal's state law claims must be dismissed on these bases as well.
24
25                                   **CONCLUSION**
26    Because all of the claims are subject to dismissal on one or more of the grounds
27 advanced by defendants, the court GRANTS defendants' motions to dismiss the 1AC in
28 case no. 05-4070, and the original complaint in case no. 05-4519. Because the court may

dismiss sua sponte for lack of subject matter jurisdiction, the court also dismisses the amended complaint in case no. 05-4519.  Furthermore, because it is clear to the court that Sohal will not be able to state a viable claim against any defendant, the dismissal is without leave to amend.  Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990).

This order fully adjudicates the matters listed at no. 17 of the clerk's docket for case no. 05-4070, and no. 12 of the clerk's docket for case no. 05-4519.  The clerk shall close the files in both cases.

**IT IS SO ORDERED.**

Dated: April 28, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge